IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00814-PAB

SHARON ROMERO,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

      Defendant.

---

## ORDER

---

      This matter comes before the Court on plaintiff Sharon Romero's complaint [Docket No. 3], filed on April 9, 2009.  Plaintiff, through counsel, seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c.  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

## I.  BACKGROUND

      Ms. Romero applied for disability benefits on January 11, 2006, alleging she was unable to work beginning March 19, 2004.  After Ms. Romero's claim was initially denied, an administrative law judge ("ALJ") held a hearing on April 11, 2008.  At the

---

[1]Neither party requested oral argument.  *See* Joint Case Management Plan [Docket No. 10] ¶ 9.

hearing, Ms. Romero amended the onset date of her disability to January 19, 2006.

The ALJ found, in a decision dated June 30, 2008, that "claimant has the following severe impairments: lumbar degenerative disc disease and pain syndrome of unclear etiology." R. at 20 (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)). Plaintiff's impairments did not, alone or in combination, meet or equal one of the listed impairments in the regulations. R. at 21. The ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" that "does not require more than occasional crouching, crawling, stooping or kneeling," with "no exposure to unprotected heights" and the "ability to alternate between sitting and standing at will." R. at 22.

Based on these findings and the testimony of a vocational expert ("VE"), the ALJ concluded that Ms. Romero could perform jobs existing in significant numbers in the national economy, R. at 25, and, therefore, was not disabled. R. at 26. On March 4, 2009, the Appeals Council denied Ms. Romero's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. R. at 1-5.

## II. ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was

2

justified in her decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Flaherty v. Astrue*,

515 F.3d 1067, 1070 (10th Cir. 2007).  Moreover, "[e]vidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion."

*Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The district court will not

"reweigh the evidence or retry the case," but must "meticulously examine the record as

a whole, including anything that may undercut or detract from the ALJ's findings in order

to determine if the substantiality test has been met."  *Flaherty*, 515 F.3d at 1070.

Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for

reversal apart from lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482,

1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable

physical or mental impairment expected to result in death or last for a continuous period

of twelve months that prevents the claimant from performing any substantial gainful

work that exists in the national economy.  42 U.S.C. § 423(d)(1)-(2).

Furthermore,

[a]n individual shall be determined to be under a disability only if his physical
or mental impairment or impairments are of such severity that he is not only
unable to do his previous work but cannot, considering his age, education,
and work experience, engage in any other kind of substantial gainful work
which exists in the national economy, regardless of whether such work exists
in the immediate area in which he lives, or whether a specific job vacancy
exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step

sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. §

404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the

evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has
> a severe impairment; (3) whether the claimant's impairment meets an
> impairment listed in appendix 1 of the relevant regulation; (4) whether the
> impairment precludes the claimant from doing his past relevant work; and
> (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. §

404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in

the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health*

*and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However,

"[i]f the claimant is not considered disabled at step three, but has satisfied her burden of

establishing a prima facie case of disability under steps one, two, and four, the burden

shifts to the Commissioner to show the claimant has the residual functional capacity

(RFC) to perform other work in the national economy in view of her age, education, and

work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005);

*see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).  While the claimant has the

initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform

himself about facts relevant to his decision and to learn the claimant's own version of

those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

## C. The ALJ's Decision

Plaintiff argues, *inter alia*,[2] that the "ALJ's RFC determination failed to include all of claimant's limitations from her severe and non-severe impairments." Pl.'s Br. [Docket No. 11] at 14.  To constitute an impairment, the alleged condition "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical or laboratory diagnostic techniques."  20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms.").  At step two, a claimant must show that regardless of his age, education, and RFC, there exists more than the mere presence of a condition or ailment, or combination thereof, that meets the duration requirement of the regulations; however, he need only make a "de minimis" showing of such.  *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); *see also* 20 C.F.R.  § 404.1520(a)(4)(ii).  The Tenth Circuit has described this standard by explaining that "if the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, irrespective of vocational factors, the impairments do not prevent the claimant from engaging in substantial gainful activity."  *Hinkle*, 132 F.3d at 1352.[3]

---

[2]Ms. Romero also argues that (1) the "ALJ and Appeals Council erred in finding that claimant's carpal tunnel syndrome was not a severe impairment" at step two of the evaluation process; and that the "ALJ failed to properly assess the opinions of Dr. Martin, Dr. Toner, and Dr. Ketelhohn."  Pl.'s Br. [Docket No. 11] at 6, 10.

[3]"Basic work activities . . . mean the abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 404.1521(b); 20 C.F.R. § 416.921(b).  According to the regulations, examples of "basic work activities" include:

However, a determination of whether an impairment is "severe" at step two is somewhat different than the determination that occurs during the RFC calculation.  Step two is essentially a threshold check against non-meritorious claims of disability.  *See Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining that at step two "the claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities").  Consequently, when an ALJ finds that a claimant has one or more severe impairments, but erroneously fails to list others, that error may have little independent impact on the ultimate disability determination.  In fact, § 404.1520, which describes the five-step process, does not contemplate a finding of disability at step two.  20 C.F.R.  § 404.1520(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are

---

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b); 20 C.F.R. § 416.921(b).

6

not disabled.").   Rather, an ALJ must consider all of a claimant's impairments and limitations, even those that are not severe, at step four.  *See* 20 C.F.R. § 404.1520(e) ("If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record, as explained in § 404.1545."); 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

In this case, the ALJ failed to consider all of plaintiff's impairments at step four. In fact, the ALJ expressly found that, because she determined that plaintiff's restless leg syndrome was "non-severe" at step two, the condition would "not be considered in the remainder of the decision."  R. at 21.  Similarly, the ALJ found that plaintiff's depression did "not reach the level of a severe impairment during the relevant period," and, consequently, it would "not be considered in the remainder of the decision."  R. at 21; *see* R. at 23 ("[T]he alleged . . . depression [is] non-severe, and will not be considered in the decision.").  In regard to plaintiff's complaints of fibromyalgia and carpal tunnel syndrome, the ALJ concluded at step two that because the conditions were not *medically determinable* they would "not be considered in the remainder of the decision." R. at 21.  While it is true that she need only consider "[a]ll medically determinable impairments," *Mushero v. Astrue*, 384 F. App'x 693, 695 (10th Cir. 2010) (emphasis omitted), the ALJ stated at step four that she did not consider plaintiff's "upper extremity complaint" because it was "non-severe," *see* R. at 21, not because it did not "result from

7

anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

In short, the ALJ's conclusion that she could not consider non-severe impairments at step four is legal error. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); *see also Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009). Such a failure "to apply the correct legal test . . . is a ground for reversal apart from a lack of substantial evidence." *Thompson*, 987 F.2d at 1487.[4] The Court is unable to determine what, if any, impact this error had on the ALJ's determination of plaintiff's RFC and the resulting finding at step five regarding the availability of jobs in the national economy. Therefore, the case must be remanded.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision by the Commissioner that the plaintiff is not disabled is **REVERSED**. This case is **REMANDED** to the Commissioner for additional proceedings in accordance with this Order.

DATED November 29, 2010.

BY THE COURT:

 s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4]Because the Court finds that Ms. Romero is correct that the ALJ erred by failing to consider all of claimant's severe and non-severe impairments, the Court need not address plaintiff's other arguments. On remand, the ALJ will have the opportunity to revisit those other aspects of the opinion regarding which plaintiff has alleged error.