IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00814-PAB

SHARON ROMERO,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

# ORDER

---

    This matter comes before the Court on plaintiff Sharon Romero's motion for attorney's fees [Docket No. 21] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Michael J. Astrue (the "Commissioner") opposes [Docket No. 23]. The Commissioner believes he was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'" (citing 28 U.S.C. § 2412(d)(1)(A) (2006))). He further argues that, in the event fees are awarded, the amount should be reduced.

    "[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934 (citing 28 U.S.C. § 2412 (2006)). "The EAJA statute provides that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency

action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because the ALJ failed to consider all of plaintiff's impairments at step four of the evaluative process.[2] In fact, the ALJ expressly found that, because she determined at step two that certain of plaintiff's impairments were not severe, those conditions would "not be considered in the remainder of the decision." R. at 21; *see* R.

---

[1]The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

[2]The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:
> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and
> (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).

at 23. An ALJ must consider all of a claimant's impairments and limitations, even those that are not severe, at step four. *See* 20 C.F.R. § 404.1520(e) ("If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record, as explained in § 404.1545."); 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

The Commissioner does not dispute that the ALJ was not permitted to disregard non-severe impairments at step four. Rather, he in effect requests that the Court find that the ALJ properly considered all impairments at step four despite the ALJ's statement to the contrary. There is no dispute, however, that the ALJ stated that she was, in fact, not considering certain impairments at step four. Nor is there any basis to argue that this was not legal error. Therefore, the Court finds that the Commissioner's position lacks a "reasonable basis both in law and fact." *Underwood*, 487 U.S. at 565.

The Commissioner also argues that plaintiff's requested fee amount represents an unreasonable number of hours billed.[3] Docket No. 23 at 6; *see Stanberry v. Astrue*, No. 09-cv-02261-WYD, 2011 WL 782685, at *2 (D. Colo. March 1, 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 901 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(2)(A)). In determining whether the amount of time billed was

---

[3]The Commissioner does not object to the rate charged by plaintiff's counsel.

reasonable, the "court should 'examine hours allotted to specific tasks.'" *Stanberry*, 2011 WL 782685, at *2 (citation omitted).  Here, the Commissioner contends that counsel's hours should be reduced from 36.5 to 30 hours.  *See* Docket No. 23 at 7.  More specifically, the Commissioner contends that plaintiff's counsel should not have spent "more than 6.25 hours of attorney time to prepare the reply brief and no more than 3.5 hours to prepare [the] motion for EAJA fees."  Docket No. 23 at 7.

Plaintiff's counsel billed for 8 hours to "[r]eceive and review Defendant's Response Brief; [b]egin draft Reply Brief; [conduct] legal research" and "[d]raft and finalize Reply Brief."  Docket No. 21-1 at 3.  The Court finds that this amount is reasonable, and that the Commissioner has not identified any basis to conclude that it is excessive.  The Court, however, agrees with the Commissioner that the amount of time billed for drafting the motion for fees is excessive.  The motion relied extensively on arguments already researched and presented in earlier filings.  Moreover, the Court finds that 5.6 hours of attorney time to "[r]eview and revise" a motion already drafted by counsel's paralegal, *see* Docket No. 21-1 at 3, is excessive.  Therefore, the Court will reduce the amount of attorney time spent on the motion for fees by 3 hours, resulting in a total award of $6,431.88 based upon 33.5 hours of attorney time and 8.15 hours of paralegal time.

For the foregoing reasons, it is

**ORDERED** that plaintiff Sharon Romero's motion for attorney's fees [Docket No. 21] is GRANTED.  Defendant is ordered to pay the amount of $6,431.88 to plaintiff for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  It is further

**ORDERED** that the EAJA attorney fee award shall be made payable to plaintiff and mailed to plaintiff's attorney pursuant to *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

DATED October 18, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge